*H. L. Clark, for appellant.    Moss, for appellee.*

---

LEO THOMPSON'S ADM'R v. W. BARTLEY'S ADM'R.

**Judgment—Decedent's Estate—Affidavit.**

> No valid judgment can be rendered against an administrator who is not before the court, and no judgment can be rendered against the estate of a deceased person until there is an affidavit filed that the claim for which judgment is sought is subject to no just off-set and does not embrace any usurious interest.

APPEAL FROM DAVIESS CIRCUIT COURT.

December 19, 1877.

OPINION BY JUDGE ELLIOTT:

This suit was brought by W. Bartley's administrator against the decedent's heirs and creditors, to settle his estate. At a sale of some

of the real estate belonging to this estate Leo Thompson became the purchaser, but refused to execute the purchase money bonds because, as he alleged, the sale was void, and having enjoined the enforcement of his contract of purchase, his injunction was dissolved and judgment rendered against him for the amount of his bid.

From that judgment he appealed, and this court *reversed* the judgment on the ground that Thompson got nothing by his purchase. Thompson, however, shortly after his purchase was put in possession of the purchased property. In 1873 Thompson died, and in November, 1873, the court made an order that the suit against Thompson for the rent of the property was revived by consent against his administrator.

Afterwards Bartley's administrator died, and no order of revivor had been served on Thompson's administrator reviving the action in the name of the successor of Bartley's administrator, when a judgment was rendered against Thompson's administrator for over $600. After the rendition of this judgment Thompson's administrator appeared and moved to set it aside, because, as he was not before the court, it was void, which motion was sustained. He also alleged that the claim against Thompson's estate had not been demanded of him, nor had any affidavit been made that it was just, due and unpaid, and that there was neither any just discount nor off-set against it nor usury embraced in it.

The appellee contended that as the suit was revived by consent the appellant had waived his right to insist on such an affidavit. The attempted revivor of 1873 was ineffectual. Thompson's administrator was not before the court when the consent order was made, and it therefore cannot be presumed that he consented; and besides this court has decided that a consent order of revivor must show, in such a case as this, that the personal representative appeared and consented to the order. The administrator was not before the court, therefore, till he appeared and objected to the judgment which had been rendered against him, and which the court adjudged to be void. After the appellant did appear to the action the court rendered judgment against him as the representative of Thompson's estate without requiring the affidavit which appellant had demanded.

This court has decided that the statute is imperative that no judgment shall be rendered against the estate of a deceased person till there is affidavit filed that the claim for which judgment is sought is subject to no just off-set and does not embrace any usurious interest.

As the appellee failed to make the required affidavit it was error

to render the judgment appealed from. Wherefore the judgment is *reversed* and cause remanded for further proceedings consistent with this opinion.

*G. W. Ray, for appellant.    W. N. Sweeney, for appellee.*